**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51001
Summary Calendar

JAMES MONTANYA, JR.,

Plaintiff-Appellant,

versus

FRANK D. HOKE, Program Administrator; JANIE L. MUNIZ,
Law Librarian II,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-325
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Montanya, Jr., Texas prisoner # 593707, filed a civil rights action under 42 U.S.C. § 1983 alleging that prison officials had denied him access to the courts by confiscating his "legal locker box." Citing 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), the district court dismissed the complaint for failure to state a claim. Alternatively, the district court determined that Montanya was barred from proceeding in forma pauperis ("IFP") by the three-strikes provision of 28 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(g). By moving for leave to proceed IFP, Montanya is challenging the district court's certification that IFP should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Montanya has not made a meritorious challenge to the district court's denial of IFP and has not shown that he will raise a nonfrivolous issue on appeal with respect to the district court's dismissal of his complaint for failure to state a claim. See 28 U.S.C. § 1915(a)(3). Montanya's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Montanya has previously accumulated two strikes for purposes of 28 U.S.C. § 1915(g). See Montanya v. Easley, No. 01-50086 (5th Cir. May 25, 2001). The district court's dismissal of his complaint in this case for failure to state a claim and this court's dismissal of Montanya's appeal each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Montanya may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTION TO PROCEED IN FORMA PAUPERIS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.